WESTERN AND ATLANTIC RAILROAD *vs.* WILSON, by next friend.

[Jackson, Chief Justice, being disqualified, Judge Hansell, of the Southern Circuit, was appointed to preside in his stead.]

The law as to diligence and negligence was correctly given in charge, and the question was one exclusively for the jury. They had the right to weigh all the facts, to consider the youth of the injured party, the circumstances surrounding him and urging his return to his home with his young companions on the train where the injury occurred, the short time allowed for decision and action, and the invitation given by an employé of the road, dressed in its uniform,

and who, though humble, was in this action the representative of the company, and one for whose action it was responsible; and there is no reason to overrule their finding.

September 11, 1883.

Railroads. Damages. Negligence. Before Judge FAIN. Cobb Superior Court. November Term, 1882.

Reported in the decision.

W. J. WINN; PHILLIPS & SESSIONS, for plaintiffs in error.

JACKSON & KING; J. H. LUMPKIN; G. F. GOBER, for defendant.

HANSELL, Judge.

Plaintiff in the original action was a minor, resident in Atlanta, who went with two young friends to spend a day in Marietta and return on an evening train. While at supper at the house of a relative he heard the whistle blow, and starting with valise and umbrella in hand, went hurriedly down a street leading to the railway track, it being the shortest route to the depot. As he reached the track, he saw the train on which he was to return moving on almost in front of him. His evidence is that he was "dazed" at the sight, and stopped for the moment on the roadside, but just then a person in the uniform of the railroad company, and who he thought was the conductor, but who was a brakeman, standing on the platform of a car, beckoned to Wilson to come on. He did so, and the brakeman took his valise and tried to assist him to get on the car, but failing in this, called to Wilson to catch the next railing. Wilson tried to do so, but it was too late, and he tried to catch the railing of the rear platform of the same car, but as the train was moving at the rate of twelve to fifteen miles an hour, he failed in this attempt, and his feet striking a brake-bar, he was

thrown on his back, with one leg caught under the wheel and crushed so that it had to be amputated that night. In his evidence he states that he would not have attempted to get on but for the invitation of the brakeman. Wilson was at the time fifteen years old.

The jury found for plaintiff $4,500 damage. Plaintiff in error brings the case here, assigning no error in the charge the court, but claiming that the verdict was against of law and the evidence; and the only question is, was there evidence sufficient to sustain their finding. The verdict of the jury seems to have been based upon section 3034 of the Code, as they diminished the damages considerably below the amount in evidence, and they probably held both parties at fault. The law as to diligence and negligence was correctly given in charge, and the question was one exclusively for the jury. They had the right to weigh all the facts, to consider the youth of the injured party, the circumstances surrounding him and urging his return to his home on that train with his young companions, the short time allowed for decision and action, and the invitation, given probably in great kindness, but a great mistake in judgment, by an employé of the road, dressed in its uniform, and who, though humble in position, was in this action the representative of the company, and one for whose action it is responsible; and we see no reason to overrule the conclusion at which the jury unanimously arrived upon a matter strictly within their province. Let the judgment be affirmed.

Judgment affirmed.